UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| TERQUISE DEMARCO BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:23-cv-00157-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| "KENTUCKY STATE POLICE | ) | **&** |
| OFFICIAL OFFICE," *et al*. | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Terquise Demarco Barnes is currently confined at the Fayette County Detention Center in Lexington, Kentucky. Proceeding without a lawyer, Barnes recently filed a civil rights complaint with this Court. [R. 1.] That pleading is now before the Court on initial screening pursuant to 28 U.S.C. § 1915A.

There are several problems with Barnes's filing in this action. To begin, Barnes has neither paid the $402.00 in filing and administrative fees nor moved for leave to proceed *in forma pauperis*. Thus, Barnes has not even properly initiated this matter.

Barnes's complaint is also unavailing, at least as currently drafted. Barnes appears to name three different defendants in his pleading: (1) the "Kentucky State Police Official Office;" (2) the "Lexington KY Police Officials Office;" and (3) Detective Calvin Mattox. [R. 1 at 1-2]. As best as the Court can tell, Barnes is alleging that, in January of 2021, police improperly detained him, placed him in a police car, and charged him with a weapons-related offense. [*See id.* at 5, 12.] Barnes then accuses the police of "kidnapping," in violation of Kentucky's penal code, and, for relief, he says, "I want the courts to pay me 100,000 dollars and charges brought to the whole [Kentucky State Police] official office for suffering great humiliation, embarrassment, and mental suffering." *Id.*.

Having fully reviewed Barnes's complaint, the Court will dismiss his claims against the named defendants. As an initial matter, although Barnes apparently wants criminal charges to be brought against certain police officers, the criminal prosecution of an individual is a process that is generally initiated by prosecutors, not private citizens or even this Court. *See Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) (making it clear that a private citizen has no authority to start a criminal prosecution); *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308-09 (6th Cir. 2004) (the same). Thus, Barnes's related request for relief is simply baseless.

Moreover, to the extent that Barnes is seeking money damages from either the Kentucky State Police or the Lexington Police Department, neither are suable entities in that regard. Indeed, the Eleventh Amendment deprives this Court of subject matter jurisdiction over a claim for money damages against state agencies like the Kentucky State Police. *See Jones v. Kentucky State Police*, No. 1:19-cv-P26-GNS, 2019 WL 2565635, at *2 (W.D. Ky. 2019) (collecting cases). And the Lexington Police Department is likewise not an entity which may be sued for money damages under 42 U.S.C. § 1983. *See, e.g., Mayers v. Williams*, No. 16-5409, 2017 WL 4857567, at *3 (6th Cir. Apr. 21, 2017) (recognizing that "neither the police department nor the task force may be sued"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("[T]he Police Department is not an entity which may be sued"). Plus, even if the Court broadly construes Barnes's complaint as asserting claims against the Lexington-Fayette Urban County Government, he has not clearly alleged a relevant municipal policy or custom that caused him harm. *Eldridge v. Tackett*, 21-5396, 2021 WL 8155163, at *2 (6th Cir. Sept. 7, 2021) (citing *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014), and discussing municipal liability).

Finally, although Barnes lists Detective Calvin Mattox as a third defendant, he does not clearly explain what Detective Mattox personally did (or failed to do) to cause him harm, despite being specifically directed to do so by the complaint form he filed. [*See* R. 1 at 5.] In fact,

Barnes only mentions "Det. C. Mattox" once in his submission, and that is in an attachment to his complaint where he says that he was detained in a parking lot "because supposedly officers and Det. C. Mattox didn't know what to do with me in the situation." *Id.* at 12. Barnes then proceeds to discuss the alleged conduct of "KSP Officers" more generally; thus, it is simply not clear what conduct Barnes is attributing to Detective Mattox as opposed to other, unnamed individuals. *See id.* In other words, Barnes's complaint, at least as presently drafted, is exceedingly vague, and, as a result, it fails to state a claim upon which relief may be granted against the only named defendant.

In light of the foregoing problems with Barnes's submission, the Court will dismiss his claims. That said, the Court's dismissal will be without prejudice to Barnes's right to file a new complaint—and thus initiate a new civil action—in which he more clearly asserts factual allegations and legal claims against specific individuals and/or entities that are actually suable. Ultimately, if Barnes elects to file a new civil action, he must complete the Court's approved E.D. Ky. 520 Civil Rights Complaint Form in its entirety. Further, he must list the defendants against whom he has claims and is seeking relief, and he must explain *specifically*—and in more detail—what each named defendant did (or failed to do) to allegedly cause him harm. Barnes must then sign that form and file it with the Court.

Finally, if Barnes later files a new action, he must also either pay the $402.00 in filing and administrative fees up front and in full or complete the following steps to properly pursue pauper status: (a) fill out the Application to Proceed in District Court Without Prepaying Fees or Costs [AO 240 Form]; (b) have prison staff complete and sign the Certificate of Inmate Account Form [E.D. Ky. 523 Form]; and (c) file both documents with the Court. The Court is not assessing filing and administrative fees at this time.

Accordingly, it is **ORDERED** that:

1. Barnes's claims [R. 1] are **DISMISSED** without prejudice.

2. This action is **STRICKEN** from the Court's docket.

3. If Barnes wishes to file a new pleading—and thus initiate a new civil action—he may proceed in accordance with the instructions set forth above. Forms needed to file a new civil action are available upon request from the Clerk's Office.

This the 2nd day of June, 2023.

Gregory F. Van Tatenhove
United States District Judge